IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL W. CRANFILL, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-3494-M (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID, | § | |
|     Respondent. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Darrell W. Cranfill, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b). For the following reasons, the Court recommends that the petition be dismissed.

I.

In 1990, Petitioner pleaded guilty to forgery, and the state court sentenced him to twenty-five years in prison. *State of Texas v. Darrell W. Cranfill*, No. F90-47440-MQ (204th Jud. Dist. Ct., Dallas County, Tex., Jul. 20, 1990).[1] He did not file an appeal.

---

[1] According to Petitioner, he was previously granted parole while he was incarcerated in federal prison. Resp. App., Ex. 6 (ECF No. 14-6). The state court subsequently revoked his parole, and Petitioner lost credit towards his sentence for the time spent on parole. *Id.*

On June 21, 2011, Petitioner filed a state habeas petition. *Ex parte Cranfill*, No. 76,920-01. On January 18, 2012, the Texas Court of Criminal Appeals denied the petition without written order. On July 20, 2017, Petitioner filed a second state habeas petition. *Ex parte Cranfill*, No. 76,920-03. On September 27, 2017, the Court of Criminal Appeals denied the petition without written order.

On November 3, 2017,[1] Petitioner filed the instant § 2254, in which he argues:

1. His sentence was illegal because the underlying charge was enhanced from a misdemeanor to a felony;

2. His guilty plea was involuntary;

3. The indictment was defective;

4. He was subjected to cruel and unusual punishment; and

5. The state courts' failure to address the merits of his habeas petitions resulted in a miscarriage of justice.

II.

**1.   Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal

---

[1] A § 2254 petition is considered filed on the date it is placed in the prison mail system. *See* Rule 3(d) of the Rules Governing Habeas Corpus Actions Under § 2254.

2

habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] Here, Petitioner pleaded guilty on July 20, 1990. He did not file an appeal. His conviction therefore became final 30 days later, on August 20, 1990.  *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

---

[2] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's limitation-commencing event occurred prior to the April 24, 1996, enactment of the AEDPA. Petitioner was therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 21, 2011, and July 20, 2017, Petitioner filed state habeas petitions. These petitions were filed after the AEDPA limitations period expired. They therefore did not toll the limitations period.

Petitioner did not file his § 2254 petition until November 3, 2017. His petition is therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v.*

4

*American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, must submit new evidence showing "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has submitted no new evidence to support his claim. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

### 3.     State Habeas Corpus

Petitioner argues the state habeas proceedings failed to address the merits of his claims and therefore resulted in a miscarriage of justice. Petitioner's claims challenging the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do no constitute grounds for relief in federal court"); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (per curiam) (stating federal habeas

relief is not available based on state habeas court's misapplication of its own procedural rules). Petitioner's claims should be dismissed.

III.

The Court recommends that: (1) Petitioner's claims challenging the state habeas proceedings be dismissed for failure to make a substantial showing of the denial of a federal right; and (2) Petitioner's remaining claims be dismissed as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed December 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).